David S. Elkins (SBN: 148077)
david.elkins@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

*Attorneys for Plaintiff*
SAKATA SEED AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKATA SEED AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRIORITY SEED PRODUCTION, LLC, and DOE NO. 1, <br><br> Defendants. | Case No. '24CV0722 LL    AHG <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff SAKATA SEED AMERICA, INC. ("Plaintiff" or "Sakata"), by and through its undersigned counsel, files this complaint against PRIORITY SEED PRODUCTION, LLC ("Priority") and DOE NO. 1 ("Doe No. 1" or "Defendant Doe") (each a "Defendant" and together "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising from the unauthorized acquisition and/or breeding of CMS versions of Plaintiff's GKO-1 line of broccoli ("Accused Plants") by Defendant Doe, either in the U.S. or abroad; by the growing of the Accused Plants by Defendant Priority Seed in the U.S.; and/or by Defendants' use of the Accused Plants in the U.S. for producing hybrid seed (together, "the Accused Acts") in violation of at least claims 1, 2, 18, 19, 23, 34 and 35 of U.S. Patent No. RE41,114 ("the '114 Patent").

2. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271(a), (b), (c) and/or (g), based on Defendants' use (including unauthorized breeding, reproduction, growing, and hybridization), importation, offer for sale and/or sale in the United States of the Accused Plants and/or material or products thereof.

3. By virtue of this action, Plaintiff seeks monetary damages and a preliminary and/or permanent injunction that prohibits Defendants from making, using, selling, offering to sell and importing the Accused Plants and/or material or products thereof, and further prohibits Defendants from assisting any other individual and/or entity in directly infringing the '114 Patent.

## THE PARTIES

4. Plaintiff Sakata Seed America, Inc. is a California corporation with a principal place of business located at 13459 County Road 100, Woodland, California, 95776.

5. Upon information and belief, Defendant Priority Seed Production,

LLC is an Arizona limited liability company with an address of 3274 Appaloosa Way, Yuma, Arizona 85365.

6. Defendant Priority Seed Production LLC is registered with the California Secretary of State as Entity No. 202358610999 having a California Office at 821 Bixby Road, San Juan Bautista, CA 95045.

7. Upon information and belief, Defendant Doe is a foreign entity or a domestic entity owned at least in part by a foreign entity that developed the Accused Plant and has acted in concert with Defendant Priority Seed to grow and use the Accused Plants in the U.S.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)-(b) under the patent laws of the United States, 35 U.S.C . §§ 100 *et seq*.

9. Upon information and belief, this Court has personal jurisdiction over Defendants because each Defendant has purposefully availed itself of the privilege of doing business in the State of California and/or derives substantial revenue from goods and/or services provided to individuals and/or entities in this District.

10. Upon information and belief, Defendant Priority Seed has a regular and established place of business in this District by virtue of its ownership or control and use of the field in Bard, California, just south of Ross Rd. and Levee Rd. (the "Field") located in this District.

11. Upon information and belief, Defendant Doe developed the Accused Plants and supplied seeds from and for the Accused Plants to at least Defendant Priority Seed to be grown in the Field located in this District.

12. Additionally and alternatively, to the extent Defendant Doe is not subject to the jurisdiction of the courts of general jurisdiction of the State of California, Defendant Doe is likewise not subject to the jurisdiction of the courts of

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

general jurisdiction of any state, and accordingly is amendable to service of process based on its aggregate contacts with the United States, including but not limited to the above described contacts, as authorized by Federal Rule of Civil Procedure 4(k)(2).

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have each and together committed acts of patent infringement within this District and at least Priority Seed has a regular and established place of business, namely, the location at which the Accused Plants are being grown.

## THE PATENTED GKO-1 PLANTS AND METHODS

14. U.S. Patent No. RE 41,114 ("the '114 Patent") is entitled "Inbred Broccoli Line GKO-1," and names Junichi Sasayama as inventor.

15. A true and correct copy of the '114 Patent is provided herewith as Exhibit A.

16. Plaintiff Sakata Seed America, Inc. is the owner, under applicable law and by assignment of all right, title, and interest in the '114 Patent, including the rights to sue, recover damages and obtain equitable relief for infringement of the '114 Patent.

17. The '114 Patent describes a novel inbred broccoli line designated GKO-1, including transformants, hybrids, and variants thereof, together with methods of producing hybrid broccoli using the GKO-1 broccoli line, including CMS-GKO, as a parental line.

18. The application for the '114 Patent was filed on September 9, 2008, and issued on February 9, 2010, with 36 claims.

19. Claim 1 is directed to "[a] seed of inbred broccoli line designated GKO-1, wherein a representative sample of seed of said broccoli line was deposited under NCIMB No. 41436," and Claim 2 is directed to "[a] broccoli plant, or a part

thereof, produced by growing the seed of claim 1."

20. Claim 18 is directed to "[a] method of introducing a desired trait into inbred broccoli line GKO-1," and comprises the steps of: "(a) crossing a GKO-1 plant … with a plant of another broccoli line that comprises a desired trait to produce progeny plants," "(b) selecting one or more progeny plants that have the desired trait to produce selected progeny plants;" "(c) crossing the selected progeny plants with the GKO-1 plants to produce backcross progeny plants;" "(d) selecting for backcross progeny plants that have [i] the desired trait and [ii] all of the physiological and morphological characteristics of broccoli line GKO-1 listed in Table 1 to produce selected backcross progeny;" and "(e) repeating steps (c) and (d) three or more times in succession to produce selected fourth or higher backcross progeny plants" that comprise the desired trait and all of the physiological and morphological characteristics of broccoli line GKO-1 listed in Table 1.

21. Claim 18 further requires that the GKO-1 plant be one for which "a representative sample of seed was deposited under NCIMB No. 41436" and specifies that "[t]he desired trait is selected from the group consisting of male sterility, herbicide resistance, insect resistance, modified fatty acid metabolism, modified carbohydrate metabolism and resistance to bacterial disease, fungal disease or viral disease."

22. Claim 19 is directed to "[a] plant produced by the method of claim 18" and specifies that "the plant has the desired trait and all of the physiological and morphological characteristics of broccoli line GKO-1 listed in Table 1."

23. Claim 23 is directed to "[t]he plant of claim 19" and further specifies that "the desired trait is male sterility."

24. Claim 34 is for "[a] method of producing an F1 hybrid broccoli seed, wherein the method comprises crossing the plant of claim 23 with a different broccoli plant and harvesting the resultant F 1 hybrid broccoli seed."

25. Claim 35 is for "[a] hybrid broccoli seed produced by the method of

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

claim 34."

26. The '114 Patent is a reissue of US Patent 7,256,328 ("the '328 Patent"), which was filed on August 31, 2005, as Application No. 11/217,019 and issued on August 14, 2007, with 33 claims. Claims 34, 35 and 36 of the '114 Patent were not present in the '328 Patent.

27. Inbreds such as Sakata's GKO-1 line of broccoli have low genetic variability, and self-fertilization results in progeny that are substantially similar, both genetically and phenotypically, to the parent plant from which they were derived.

28. Sakata's seed deposited under NCIMB No. 41436GKO-1 is representative of Sakata's existing GKO-1 line of broccoli.

29. Whether a *Brassica oleracea* plant is a GKO-1 plant can be determined by phenotypic and/or genotypic comparison of the plant to Sakata's GKO-1 line of broccoli.

30. Whether a *Brassica oleracea* plant is a GKO-1 plant can be determined by phenotypic and/or genotypic comparison of the plant to plants grown from seed deposited under NCIMB No. 41436GKO-1.

## SAKATA'S GKO-1 BROCCOLI

31. Founded in 1977, Sakata Seed America, Inc. is a subsidiary of Sakata Seed Corporation – a company with over 100 years' experience developing new and improved plant varieties.

32. Sakata's GKO-1 line of broccoli was developed prior to 2006 and introduced to the U.S. market thereafter.

33. As noted in the '114 Patent, Sakata's GKO-1 line of broccoli is "a late maturity inbred having very high yield potential when compared to lines of similar maturity" and has "excellent agronomic characteristics including a tighter head (florets and stalks are closer together making it more desirable for the crown-cut

market), and better holding ability (the broccoli can remain mature in the field instead of being harvested immediately) when compared to commercial cultivar Heritage."

34. Several commercial varieties are hybrids having GKO-1 or CMS-GKO as one of their parent lines, including broccoli sold under the names of Emerald Crown, Imperial, Diamante, Avenger, Super Diamante, Eastern Crown, Eastern Magic, each of which is covered by one or more claims of the '114 Patent.

## DEFENDANTS' PLANTS

35. Upon information and belief, Defendant Doe developed the Accused Plants, which are believed to be cytoplasmic male sterile (CMS), and the seeds from which they were grown, from one or more Sakata GKO-1 plants or seeds, or tissue thereof. Upon information and belief, Defendant Doe supplied seeds for the Accused Plants to Defendant Priority Seed to be grown for production of a hybrid seed crop.

36. Priority Seed grew the seeds supplied by Defendant Doe in the Field in Bard, California, south of Ross Rd. and Levee Rd.

37. There are two varieties or lines of broccoli growing in the Field.

38. The broccoli in the Field is being grown to produce hybrid seeds.

39. The Accused Plants that are growing in the Yuma area have the phenotypic traits of Sakata's GKO-1 Broccoli when grown in the Yuma area.

40. Phenotypic traits exhibited by GKO-1 plants when grown in the Yuma area for seed production include those identified in the third column of the table in Exhibit B.

41. The Accused Plants have the traits identified in the fourth column of the table in Exhibit B, including the lack of anthocyanins (a plant pigment that appears reddish) and characteristic dark green to blue green color of GKO-1.

42. The Accused Plants that are growing in the Yuma area have numerous

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

6

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. TBD
1101034972\7\AMERICAS

phenotypic traits of Sakata's GKO-1 Broccoli when grown in the Yuma area for seed production.

43. The Accused Plants that are growing in the Yuma area have numerous phenotypic traits of Sakata's GKO-1 Broccoli as grown in the Salinas Valley.

44. Phenotypic traits exhibited by GKO-1 plants when grown with 12-inch spacing in the Salinas Valley include those identified in Table 1 of the '114 Patent at about 105 days old, and are indicated in the second column of the table in Exhibit B.

45. Upon information and belief, if seed for the Accused Plants were to be grown in the Salinas Valley, the resulting plants would exhibit all of the phenotypic traits listed in Table 1 of the '114 Patent.

46. The seed from which the Accused Plants were derived is seed of inbred broccoli line designated GKO-1, as required for claim 1 of the '114 Patent.

47. The Accused Plants are plants produced by growing the seed of inbred broccoli line designated GKO-1, as required for claim 2 of the '114 Patent.

48. The Accused Plants have the trait of male sterility.

49. Upon information and believe, Defendant Doe introduced the trait of male sterility into inbred broccoli line GKO-1 by a) obtaining or creating a GKO-1 plant and crossing the GKO-1 plant … with a plant of another broccoli line that comprised male sterility to produce progeny plants," "(b) selecting one or more progeny plants that have male sterility to produce selected progeny plants;" "(c) crossing the selected progeny plants with the GKO-1 plants to produce backcross progeny plants;" "(d) selecting for backcross progeny plants that have [i] male sterility and [ii] all of the physiological and morphological characteristics of broccoli line GKO-1 listed in Table 1 to produce selected backcross progeny;" and "(e) repeating steps (c) and (d) three or more times in succession to produce selected fourth or higher backcross progeny plants," as required by claim 18 of the '114 Patent.

50. The Accused Plants are plants produced by the method of claim 18, as required by claim 19.

51. The Accused Plants are plants produced by the method of claim 18, having male sterility, as required by claim 23.

52. Upon information and belief, Priority Seed has contracted with Defendant Doe to produce and harvest the hybrid seed in the Field.

53. Priority Seed has produced an F1 hybrid broccoli seed by crossing, in the Field, the plant of claim 23 with a different broccoli plant, and will harvest it, as required by claim 34.

54. Defendant Doe owns the F1 hybrid broccoli seed of claim 35, which is the seed produced by crossing, in the Field, the plant of claim 23 with a different broccoli plant, as required by claim 34.

55. The Accused Plants and/or seed produced therefore compete with, or will compete with, Sakata's patented GKO-1 line of broccoli and/or the products obtained from patented uses thereof.

56. By using Sakata's patented technology without authorization, Defendants have unfairly capitalized on Sakata's research and development investments.

## NOTICE OF INFRINGEMENT

57. Counsel for Sakata sent Defendant Priority Seed a letter dated March 12, 2024, indicating that the Accused Plants infringe the '114 Patent, proposing genetic testing of the plants, and requesting to know the identity of the party for whom Priority Seed was growing the Accused Plants.

58. Counsel for Priority Seed sent Counsel for Sakata a responsive letter dated March 18, 2024, indicating, inter alia, that the Accused Plants are "being grown for a Priority Seed customer using seed developed and provided by the customer."

59. On March 22, 2024, Counsel for Defendant Doe confirmed receipt of the letter from Counsel for Sakata to Priority Seed dated March 12, 2024, stating ""My firm represents a customer of Priority Seed Production, LLC whose material appears to be the subject of your letter dated March 12, 2024."

60. Thereafter, Counsel for Sakata and Counsel for Defendant Doe discussed and corresponded by email about a potential agreement between their clients to sample and conduct genetic testing of the Accused Plants.

61. The discussions between Counsel for Sakata and Counsel for Defendant Doe continued through Friday, April 19, when they spoke for about 50 minutes regarding such an agreement.

62. Given both the extended nature and the content of the discussions, no agreement was reached.

## COUNT I
## Direct Infringement of U.S. Patent No. RE41,114 by Doe No. 1

63. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

64. Defendant Doe has directly infringed under 35 U.S.C. § 271(a) and/or (g) at least claims 1, 2, 18 and 35 of the '114 Patent, by importing into and/or making, using, selling, or offering to sell the Accused Plants, and/or seeds therefore or parts thereof, in the United States without license or authority.

65. The seed for the Accused Plants is "a seed of inbred broccoli line designated GKO-1" according to claims 1 and 2 of the '114 Patent.

66. The Accused Plants were obtained by crossing a GKO-1 plant with a plant of another broccoli line that comprises a desired trait according to claim 18 of the '114 Patent.

67. Defendant Doe's production, use, sale and/or offer for sale of the seed being produced in the Field infringes claim 35 of the '114 Patent.

68. Defendant Doe's direct infringement of the '114 Patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into and making, using, selling and offering to sell covered products in the U.S.

69. Defendant Doe's actions have caused and/or will cause Plaintiff economic damages compensable under 35 U.S.C. § 284.

70. Upon information and belief, Defendant Doe's infringement of the '114 Patent has been willful and in reckless disregard of Sakata's rights under the '114 Patent. Accordingly, Sakata is entitled to enhanced damages under 35 U.S.C. § 284.

71. Upon information and belief, Defendant Doe's infringement of the '114 Patent will continue in the future, and Sakata will continue to suffer damages as a consequence unless Defendant Doe's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT II
### Direct Infringement of U.S. Patent No. RE41,114
### By Priority Seed

72. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

73. Defendant Priority Seed has directly infringed under 35 U.S.C. § 271(a) at least claims 19, 23, 34 and 35 of the '114 Patent, by making and/or using the Accused Plants, and/or seeds therefore or parts thereof, in the United States without license or authority.

74. Seed for the Accused Plants was obtained by crossing a GKO-1 plant with a plant of another broccoli line that comprises a desired trait according to claim 18 of the '114 Patent.

75. The Accused Plants have a "desired trait" as recited in claim 19 and would have, if grown in Salinas, all of the physiological and morphological characteristics of broccoli line GKO-1 listed in Table 1.

76.

77. Priority Seed has directly infringed under 35 U.S.C. § 271(a) at least claims 34 and 35 of the '114 Patent by crossing the Accused Plants with another line of broccoli and harvesting the resulting seed.

78. Priority Seed's direct infringement of the '114 Patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into and making, using, selling and offering to sell covered products in the U.S.

79. Priority Seed's actions have caused and/or will cause Plaintiff economic damages compensable under 35 U.S.C. § 284.

80. Upon information and belief, Priority Seed's infringement of the '114 Patent has been willful and in reckless disregard of Sakata's rights under the '114 Patent.  Accordingly, Sakata is entitled to enhanced damages under 35 U.S.C. § 284.

81. Upon information and belief, Priority Seed's infringement of the '114 Patent will continue in the future, and Sakata will continue to suffer damages as a consequence unless Defendants' infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT III
### Indirect Infringement of U.S. Patent No. RE41,114
### By Doe No. 1

82. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

83. Defendant Doe has indirectly infringed under 35 U.S.C. § 271(b) and/or (c) at least claims 19, 23, 34 and 35 of the '114 Patent, by inducing Priority Seed to make and use the Accused Plants, and/or seeds therefore or thereof, in the United States without license or authority, knowing that the acts induced constitute patent infringement.

84. Defendant Doe has had knowledge of the '114 Patent and its

infringement since at least March 22, 2024, when Counsel for Defendant Doe confirmed receipt of the letter from Counsel for Sakata to Priority Seed dated March 12, 2024, indicating that the Accused Plants infringe the '114 Patent.

85. Upon information and belief, Defendant Doe contracted with Priority Seed to grow seeds for the Accused Plants in the Field in a manner in which they would produce hybrid seed in violation of at least claims 19, 23, 34 and 35 of the '114 Patent.

86. Defendant Doe provided seeds for the Accused Plants to Priority Seed, the seeds being cytoplasmically male sterile and having no substantial use other than for growth of a plant in violation of at least claims 19 and 23, and production of a hybrid seed crop in violation of at least claims 34 and 35 of the '114 Patent.

87. Defendant Doe's indirect infringement of the '114 Patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into and making, using, selling and offering to sell covered products in the U.S.

88. Defendant Doe's actions have caused and/or will cause Plaintiff economic damages compensable under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff prays judgment in its favor against Defendants that:

a. Defendants have each and together infringed the '114 Patent, directly and/or indirectly;

b. Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing the '114 Patent;

c. Awards damages under 35 U.S.C. § 284 sufficient to compensate Sakata for Defendants' past infringement of the '114 Patent (in all cases no less than a reasonable royalty), enhanced by three times for willful infringement;

  d. Orders an accounting of all of Defendants infringing uses, sales and damages;

  e. Awards Sakata its pre-judgment and post-judgment interest and costs against, in accordance with 35 U.S.C. § 284;

  f. Deems this case exceptional and directs Defendants to pay Sakata's reasonable attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

  g. Awards Sakata such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY

Sakata respectfully demands a trial by jury or any and all claims and issues so triable.

Respectfully submitted,

Dated: April 22, 2024  By: *Tamara D. Fraizer*
          David S. Elkins (SBN: 148077)
         david.elkins@squirepb.com
         Tamara D. Fraizer (SBN: 215942)
         tamara.fraizer@squirepb.com
         SQUIRE PATTON BOGGS (US) LLP
         1841 Page Mill Road, Suite 150
         Palo Alto, CA 94304
         Telephone: (650) 856-6500
         Facsimile: (650) 843-8777

         *Attorneys for Plaintiff*
         SAKATA SEED AMERICA, INC.